IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Srinivas Kompella, et al., | No. CV-20-00190-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Citizenship and Immigration Services, | |
| Defendant. | |

Plaintiffs Mr. and Ms. Kompella filed their Amended Complaint (Doc. 10) and accompanying Motion for Preliminary Injunction (Doc. 11) on March 11, 2020. Defendant United States Citizenship and Immigration Services ("USCIS") filed a Response (Doc. 19) and Plaintiffs filed a Reply (Doc. 23). On May 19, 2020, the Court held a hearing on the Motion ("Motion Hearing"). (Doc. 26). At the conclusion of the Motion Hearing, the Court denied Plaintiffs' Motion and stated that a written order would follow. (*Id.*) This is that Order.

**I.    BACKGROUND**

   **A.    Statutory Background**

To better understand Mr. and Ms. Kompellas' claims, it is helpful to understand the statutory and regulatory background that underlies this case. The Immigration and Nationality Act (INA) establishes "a comprehensive federal statutory scheme for regulation of immigration and naturalization." *Chamber of Commerce of U.S. v. Whiting*, 563 U.S. 582, 587 (2011) (internal quotations and citation omitted). The INA prioritizes

and limits eligibility to certain categories of immigrants, such as those who are family-sponsored or employment-based. *See* 8 U.S.C. § 1153(a)-(b).

As relevant here, for employment-based immigrants, adjustment of status is a three-step process, which USCIS has jurisdiction over. First, the employer seeking to hire the immigrant must file an immigrant labor certification application, known as the Application for Alien Employment Certification ("Employment Certification Application"), with the Department of Labor ("DOL"). 8 U.S.C. §§ 1153(b)(3)(C), 1182(a)(5)(A). If the Employment Certification Application is approved, the employer next must file a Form I-140 visa petition ("I-140 Form") with USCIS. 8 U.S.C. § 1154(a)(1)(F); 8 C.F.R. § 204.5. Finally, if the I-140 is approved,[1] the immigrant may file a Form I-485 application ("LPR Application") with USCIS to adjust his or her status to lawful permanent resident. 8 U.S.C. § 1255(a); 8 C.F.R. § 245.2. There is no administrative appeal for denial of an LPR Application by USCIS. 8 C.F.R. § 245.2(c).

Under federal regulations, an immigrant may also use a Form I-765 ("Employment Application") to apply for employment authorization documents while his or her LPR Application is pending.[2] 8 C.F.R. § 274a.12(c)(9). The approval of an individual Employment Application is "within the discretion of USCIS." 8 C.F.R. § 274a.13(a)(1). Again, if the application is denied, there is "no appeal" available. 8 C.F.R. § 274a.13(c).

**B.      Factual and Procedural History**

In September 19, 2003, non-party Real Technologies submitted an Employment Certification Application on Mr. Kompella's behalf. (Doc. 10 ¶ 13). Following the approval of the application, Real Technologies filed a I-140 Form on Mr. Kompella's behalf that was approved by USCIS. (*Id.* ¶ 14). Subsequently, Mr. and Ms. Kompella each

---

[1] This process, however, does not guarantee or entitle an immigrant to lawful permanent resident status. *Faddah v. Immigration & Naturalization Serv.*, 580 F.2d 132, 133 (5th Cir. 1978); 8 U.S.C. § 1255(a). Moreover, USCIS may revoke an approved I-140 "at any time, for what [the Secretary of Homeland Security] deems to be good and sufficient cause[.]" 8 U.S.C. § 1155.

[2] As opposed to certain immigrants who automatically receive employment authorization documents without requiring a separate work application process, "[a]n alien who has filed an application for adjustment of status to lawful permanent resident," is one who "must apply for work authorization[.]" 8 C.F.R. § 274a.12(c)(9).

filed an LPR Application with USCIS. (*Id.* ¶ 15). On August 31, 2012, USCIS revoked Real Technologies' I-140 Form that was filed on Mr. Kompella's behalf. (*Id.* ¶ 20). Over the next several years, Mr. Kompella challenged the revocation of the I-140 Form. (*Id.* ¶¶ 21-42).

On March 14, 2016, Mr. and Ms. Kompella each filed a new LPR Application with USCIS. (*Id.* ¶ 31). Those LPR Applications were most recently denied on January 10, 2018. (*Id.* ¶ 42). On August 7, 2019, Mr. and Ms. Kompella filed a lawsuit in the United States District Court for the District of Columbia seeking judicial review of the denials of their LPR Applications ("D.C. Lawsuit"). (*Id.* ¶ 43). On August 8, 2019, Mr. and Ms. Kompella each filed an Employment Application seeking employment authorization based on their then-pending D.C. Lawsuit ("August Employment Application"). (*Id.* ¶¶ 44, 45). On December 17, 2019, the DC Lawsuit was voluntarily dismissed, and Mr. and Ms. Kompella commenced this action on January 24, 2020. (*Id.* ¶ 46; Doc. 1). USCIS denied Mrs. Kompella's August Employment Application on February 18, 2020 and Mr. Kompella's August Employment Application on April 20, 2020. (Doc. 10 ¶ 49; Doc. 19 at 3). USCIS explained that their applications had to be denied pursuant to 8 C.F.R. § 274a.12(c)(9) because their LPR Applications "ha[d] been denied and [were] no longer pending before USCIS." (Doc. 23-1 at 1; Doc. 1 ¶ 51). In other words, without a pending or approved LPR Application, Mr. and Ms. Kompella were not eligible to file an Employment Application.

Mr. and Ms. Kompella filed new Employment Applications on February 5, 2020 ("February Employment Application"). (Doc. 22; Doc. 28 at 6). The February Employment Applications are still pending and USCIS has recently issued notice of intent to deny the February Applications, which allows the Kompellas an opportunity to submit additional information. (Doc. 28 at 25).

Mr. and Ms. Kompella filed their Amended Complaint on March 24, 2020. (Doc. 10). Under the Administrative Procedures Act ("APA"), Mr. and Ms. Kompella are challenging: (1) the revocation of Real Technologies' I-140 Form, (2) the denial of both of

Mr. and Ms. Kompellas' LPR Applications, and (3) the denial of both of Mr. and Ms. Kompellas' August Employment Applications. The Kompellas also filed a Motion for Preliminary Injunction seeking a Court order prohibiting USCIS "from withholding from them employment authorization during the pendency of this action." (Doc. 11 at 1). The Court held a hearing on the Kompellas' Motion on May 19, 2020, and denied the Motion on the record. (Doc. 26; Doc. 28 at 32-37).

## II.   LEGAL STANDARDS

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he or she is likely to succeed on the merits, (2) is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his or her favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). "'Serious questions' refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1361–62 (9th Cir. 1988). Under this serious question variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, the Ninth Circuit has distinguished between mandatory and prohibitory injunctions. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir. 2009). Prohibitory injunctions "preserve the status quo between the parties pending a resolution of a case on the merits." *McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012) (citation omitted). Mandatory injunctions go well beyond maintaining the status quo and order responsible parties "to take action." *Marlyn Nutraceuticals,* 571 F.3d at 879 (quotation marks and citations omitted). Because they impose affirmative obligations on parties at the very beginning of a case and before full discovery or a trial on the merits, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted); *see also Park Village Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) (holding mandatory injunctions are "particularly disfavored," and not granted unless "extreme or very serious damage will result," and "not issued in doubtful cases.") (quoting *Marlyn Nutraceuticals*, 571 F.3d at 879)).

### III. DISCUSSION

The Court, having reviewed the parties' filings, including all attachments, the relevant case law, and after the Motion Hearing, finds that the Kompellas have failed to meet the standards for injunctive relief. (Doc. 26; Doc. 28 at 32-37). Specifically, Plaintiffs have failed to establish that they are likely to succeed on the merits or that there are serious questions going to the merits. As the Kompellas have not met their burden on the first factor, the Court need not consider the remaining three factors. *See GB Int'l, Inc. v. Crandall*, 2019 WL 355240, at *3 (W.D. Wash. Jan. 29, 2019).

The Kompellas seek a preliminary injunction prohibiting USCIS "from withholding from them employment authorization during the pendency of this action." (Doc. 11 at 1).

As the Kompellas seek the Court to order USCIS to affirmatively take action—i.e., to grant them employment authorization while this case is pending,[3] even though USCIS already denied their August Employment Applications and their February Employment Applications are still pending—they are seeking a mandatory injunction, despite carefully wording it as a prohibitory injunction. Accordingly, the Court will apply the heightened scrutiny associated with such a request. *See Garcia v. Google, Inc*., 786 F.3d 733, 740 (9th Cir. 2015) (holding district courts should deny mandatory injunctive relief unless the facts and law *clearly favor* the moving party).

### A.   The Merits of the Kompellas' Claim

To obtain a preliminary injunction, the Kompellas must show they are likely to succeed on their claim[4] or that there are serious questions going to the merits of their claim. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009); *Alliance for the Wild Rockies*, 632 F.3d at 1134–35. The Kompellas contend that "[n]ot only do the law and facts . . . raise at the very least a very serious issue, but the balance of hardships tip very sharply in the Kompellas' favor inasmuch as the USCIS's withholding of employment authorization totally deprives them of any opportunity to lawfully support themselves, while it costs the USCIS virtually nothing to issue them employment authorization." (Doc. 11-1 at 2). However, USCIS contends that the Kompellas cannot meet their heightened burden for a mandatory injunction because the Court lacks jurisdiction under the APA to review USCIS's denial of their August Employment Applications. (Doc. 19 at 6).

Thus, the threshold question, before this Court can consider the merits of the

---

[3] At the Motion Hearing, the Kompellas argued that it "might seem like a hypertechnical point, but [they] are not actually, at least in this [M]otion, . . .[asking] the Court to reverse" USCIS's denial of the August Employment Applications; rather, they are seeking "a preliminary injunction so as to avoid irreparable harm, and the injunction that [they] would like is that they be granted employment authorization while the case is pending." (Doc. 28 at 7). The Court agrees that this is a hypertechnical point and finds that it is a distinction without a difference.

[4] For the purposes of their Motion, the Kompellas have limited their argument to the merits of their claim for judicial review of USCIS's denial of their August Employment Applications. (Doc. 11-1 at 4-5). Thus, the Court will only consider that claim when resolving their Motion.

- 6 -

Kompellas' claim, is whether this Court possesses jurisdiction over their claim. The APA generally provides for judicial review of agency actions. 5 U.S.C. § 706(1). As relevant here, there are two statutory exceptions to this rule, either of which divest this Court of jurisdiction. The first is if there is another statute which "preclude[s] judicial review" of the agency action. 5 U.S.C. § 701(a)(1). The second is where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Under the second exception, there is no jurisdiction for the Court to review an agency's action, "where 'the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Perez v. Wolf*, 943 F.3d 853, 861 (9th Cir. 2019) (quoting *Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 688 (9th Cir. 2003)).

The Court need not definitively decide at this stage whether it has jurisdiction over the Kompellas' claim; however, to demonstrate that they are likely to succeed on the merits or that there are serious questions going to the merits, the Kompellas, at a minimum, must establish that this Court has jurisdiction over their claim. As the Court held at the Motion Hearing, at this stage, and with the evidence currently before it, the Court is doubtful that it has jurisdiction over the Kompellas' claim. (Doc. 28 at 33-35); *see Suarez v. Cowan,* 2019 WL 7494391, at *7 (S.D. Tex. Oct. 29, 2019) (holding that "the decision to grant or deny [a Form I-765 employment application] to aliens, who have filed a petition to become a legal permanent resident, has been 'committed to agency discretion by law' and no measures of this determination are provided by the regulation or statutes. This absence of a standard by which to measure the agency's decision, precludes this Court's jurisdiction to review the agency's decision."), *report and recommendation adopted sub nom. Sandoval Suarez v. Cowan,* 2020 WL 80641 (S.D. Tex. Jan. 7, 2020); *see also Nw. Immigrant Rights Project v. United States Citizenship & Immigration Services*, 325 F.R.D. 671, 676 (W.D. Wash. 2016) ("The regulations confer unfettered discretion on USCIS to approve or deny [employment] applications unless they are filed by an applicant for asylum.")[5]

---

[5] The Court recognizes that even where statutory language grants an agency "unfettered discretion," its decision may nonetheless be reviewed under the APA *if* regulations or agency practice provide a "'meaningful standard' by which [a] court may review its exercise of discretion." *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1069 (9th Cir. 2015)

1    The Kompellas argue that the Ninth Circuit Court of Appeal's decision in *Bonilla v. Lynch*, 840 F.3d 575 (9th Cir. 2016), gives this Court jurisdiction over their claim.  (Doc. 23 at 1-4; Doc. 28 at 13-16).  Specifically, the Kompellas argue that just as in *Bonilla*, this Court has jurisdiction over their claim because USCIS's denial of their August Employment Applications was based on an incorrect legal premise, not a use of discretion.  However, the Court finds the Kompellas' reliance on *Bonilla* unpersuasive.  The plaintiff in *Bonilla* argued that the district court had jurisdiction under the APA to review a Board of Immigration Appeals ("Board") decision denying his motion to *sua sponte* reopen his previous deportation proceedings because the decision, in part, failed to properly account for a change in law.  The Ninth Circuit held that "[t]he Board ha[d]. . . articulated some general parameters for the exercise of its *sua sponte* powers[,]" including a standard that *sua sponte* action was "appropriate where there has been 'a fundamental change in the law' that represent[ed] 'a departure from established principles.'"  *Bonilla*, 840 F.3d at 585 (quoting *In re G–D–*, 22 I. & N. Dec. 1132, 1134 (BIA 1999)).  Using that standard, the Ninth Circuit determined it had jurisdiction for the limited purpose of determining whether the Board relied on an incorrect legal premise to deny the plaintiff's motion to *sua sponte* reopen his case.  *Bonilla*, 840 F.3d at 588.  In other words, the Ninth Circuit specifically found in *Bonilla* that there were articulable standards from which it could judge the agency's decision and it was clear from the agency's decision that it violated one of those standards.  *Bonilla*, 840 F.3d at 585-89.

However, in this case, the Kompellas have failed to identify any judicially manageable standards against which this Court could judge USCIS's denial of their August Employment Applications.  Accordingly, at this time, the Court has serious reservations regarding its jurisdiction over their claim concerning the denial of their August Employment Applications.

In considering the evidence before it, the Court has serious doubts regarding its

---

(quoting *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 688 (9th Cir. 2003)).  However, the Kompellas have failed to identify standards from which the Court could review USCIS's decision against.

jurisdiction over their claim, thus the Kompellas have failed to show that they are likely to succeed on their claim regarding USCIS's denial of their August Employment Applications or that serious questions going to the merits exist. 5. U.S.C. § 706(2)(A). Thus, even if the Kompellas had met the other requirements[6] for a preliminary injunction, their motion must still fail. *See GB Int'l,* , 2019 WL 355240, at *3.

## IV.  CONCLUSION

Having reviewed the Motion, the Amended Complaint, the applicable law, and after hearing oral argument, the Court concludes that Plaintiffs have not carried their burden to establish the elements for a preliminary injunction. Accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion for Preliminary Injunction (Doc. 11) is **DENIED**.

Dated this 12th day of June, 2020.

Honorable Diane J. Humetewa
United States District Judge

---

[6] As the Court noted at the Motion Hearing, the unusual procedural posture of this case—i.e., the Kompellas' pending February Employment Applications—undermine their irreparable harm argument. (Doc. 28 at 36). Additionally, as to the public interest factor, the Court noted that "it certainly is always in the public's interests to ensure that the USCIS's regulations and processes are applied in a non-arbitrary way and they are done so uniformly. And it's certainly in the public's interest for the Court not to overstep where it does not have the authority to do so." (*Id.* at 38). Thus, even if the Kompellas had satisfied the first factor, the Motion would still fail because they have not satisfied the remaining *Winters* factors.