# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Srinivas Kompella, et al., | No. CV-20-00190-PHX-DJH |
| Plaintiffs, | **SCHEDULING ORDER** |
| v. | |
| United States Citizenship and Immigration Services, | |
| Defendant. | |

This action was commenced on January 24, 2020. The Court has since excluded this case from the Mandatory Initial Discovery Pilot (MIDP). (Doc. 40). Now before the Court is the parties' Proposed Scheduling Order (Doc. 41), wherein the parties propose a briefing schedule commonly used pursuant to Rule 16.2 of the Local Rules of Civil Procedure in actions which are solely a review of an administrative record. The Court will adopt the parties' proposal.

Accordingly,

**IT IS ORDERED** setting deadlines as follows:

1. <u>Administrative Record</u>. Plaintiff shall cause the Administrative Record to be transferred to and filed with the District Court by <u>October 1, 2020.</u> Plaintiff shall supplement and submit to Defendant any additional documents Plaintiff contends should be in the Administrative Record within 30 days of receipt of the Administrative Record.

2. <u>Opening Brief</u>. Plaintiff shall file an opening brief by <u>November 12, 2020</u>, or 14 (fourteen) days after resolution of any objection to the Administrative Record. The

Opening Brief shall not to exceed 25 (twenty-five) pages.

3. <u>Answering Brief</u>.  Defendant shall file an answering brief by <u>December 2, 2020</u>, or 30 (thirty) days after the Opening Brief is filed.  The Answering Brief shall not to exceed 25 (twenty-five) pages.

4. <u>Reply Brief</u>.  Plaintiff may file a reply brief by <u>December 16, 2020</u>, or 14 (fourteen) days after the Answering Brief is filed.  The Reply Brief may not to exceed 11 (eleven) pages.

5. <u>Standard of Review</u>.  The parties shall file a stipulation as to the applicable standard of review in this case on or before October 15, 2020.  If, after good faith consultation between counsel, the parties are unable to stipulate as to the applicable standard of review, no later than October 15, 2020, the parties are directed to <u>jointly file</u> a motion that states their respective arguments about the applicable standard of review.  In doing so, each party is limited to 5 (five) pages.

6. <u>Good Faith Settlement Discussions</u>.  All parties and their counsel shall meet and engage in good faith settlement talks no later than <u>November 1, 2020</u>.  No later than **five working days** after the deadline set forth in the preceding sentence, the parties shall file a joint report on settlement talks executed by or on behalf of all counsel.

7. <u>Sanctions for Failure to Meet Deadlines</u>.  The parties are warned that failure to meet any of the deadlines in this order or in the Federal Rules of Civil Procedure without substantial justification may result in sanctions.

**TAKE NOTICE** that the deadlines contained herein are real.  Pursuant to the Civil Justice Reform Act of 1990 the Court is obligated to facilitate civil cases in a manner which reduces delay of adjudication.  The Court expects the parties to adhere to the case management schedule as well as to the Federal Rules of Civil Procedure and Local Rules.  Requests to extend deadlines shall be made only under extraordinary circumstances; s*ettlement negotiations do not constitute extraordinary circumstances.*

**IT IS FURTHER ORDERED** the parties must fully comply with the Local Rules of Civil Procedure, including but not limited to the rule that all memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13-point font in

text and footnotes.  Citations in support of any assertion in the text shall be included in the text, not in the footnotes.

**IT IS FINALLY ORDERED** that the Rule 16 Scheduling Conference set for September 15, 2020 is **VACATED**.

Dated this 9th day of September, 2020.

Honorable Diane J. Humetewa
United States District Judge